**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE M.,[1] | : | Case No. 2:25-cv-357 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY**

Plaintiff Maurice M. brings this case challenging the Social Security Administration's denial of his applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #11), Plaintiff's Reply (Doc. #13), and the administrative record (Doc. #7).

## I. **Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff protectively applied for benefits on October 17, 2022, alleging disability beginning on June 5, 2022, due to chronic back pain, stenosis, degenerative disc disease, spondylosis, arthritis, type II diabetes, high blood pressure, and high cholesterol. (Doc. #7-6, *PageID* #292). After Plaintiff's applications were denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Stacy Appleton. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[2] The ALJ reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful activity since June 5, 2022, the alleged onset date.

Step 2: He has the following severe impairments: degenerative disc disease, sciatica, osteoarthritis; diabetes mellitus, type II; hyperlipidemia; hypertension; obstructive sleep apnea; depression; and anxiety.

Step 3: He does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: His residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of the ability to perform "light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs, as well as occasionally stoop, kneel, crouch, and crawl. He can also frequently balance as that term is described in the Dictionary of Occupational Titles (DOT). Moreover, the claimant can have occasional exposure to vibration. He must avoid exposure to hazards. The claimant can deal with occasional

[2] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

changes in a routine work setting. He cannot perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas."

Plaintiff is unable to perform his past relevant work.

Step 5: Considering Plaintiff's age, education, work experience, and residual functional capacity, the vocational expert testified that there are jobs that exist in significant numbers in the national economy that he can perform.

(Doc. #7-2, *PageID* #s 33-41). Based on these findings, the ALJ concluded that Plaintiff has not been disabled since June 5, 2022. *Id.* at 41.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-2, *PageID* #s 28-45), Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #11), and Plaintiff's Reply (Doc. #13). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II. <u>Standard of Review</u>

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff] of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## III. Discussion

In his Statement of Errors, Plaintiff raises two issues. (Doc. #8). First, Plaintiff asserts that the ALJ failed to build an accurate and logical bridge between the evidence and her conclusions. *Id.* at 1011–14. Instead, Plaintiff contends that the ALJ simply summarized the medical evidence and Plaintiff's testimony, failing to address his primary argument that he needs to lie down often and take naps due to his back pain, knee pain, and sleep disorder. *Id.* Second, Plaintiff argues that the ALJ erred in evaluating the prior administrative medical findings for supportability and consistency as required by 20 C.F.R. § 404.1520c. *Id.* at 1015–24.

The Commissioner argues that the ALJ properly evaluated the objective evidence, the prior administrative medical findings, and other evidence of record pursuant to agency regulations. (Doc. #11, *PageID* #s 1034–40). Broadly, the Commissioner contends that the ALJ's decision is supported by substantial evidence. *Id.*

A plaintiff's RFC is an assessment of "the most [a plaintiff] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1) (2012). A plaintiff's RFC assessment must be based on

all the relevant evidence in his case file. *Id*. The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. § 404.1513(a)(1)–(5). Regarding two of these categories—medical opinions and prior administrative findings—an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [Plaintiff]'s medical sources." 20 C.F.R. § 404.1520c(a). Instead, an ALJ must use the following factors when considering medical opinions or administrative findings: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with [Plaintiff]"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability programs policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c)(1)–(5).

Supportability and consistency are the most important of the five factors. 20 C.F.R. § 404.1520c(b)(2). While the regulations state that ALJs "*may* . . . explain how [they] considered" the other various factors, these same regulations mandate that an ALJ "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings." 20 C.F.R. § 404.1520c(b)(2) (emphasis added). Supportability "concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence." *Kenneth M. v. Comm'r of Soc. Sec.*, 2025 WL 1948987, at *12 (S.D. Ohio July 16, 2025) (Preston Deavers, M.J.), quoting *Reuse v. Comm'r of Soc. Sec.*, 2021 WL 1697919, at *7 (N.D. Ohio Apr. 29, 2021) (internal citations

omitted). When evaluating supportability, the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support the medical opinion, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. § 404.1520c(c)(1). When evaluating consistency, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the ALJ should find the medical opinion. 20 C.F.R. § 404.1520c(c)(2). Failing to discuss either supportability or consistency requires remand. *Kenneth M.*, 2025 WL 1948987, at *12; *Whalen v. Comm'r of Soc. Sec.*, 2025 WL 1452713, at *17 (N.D. Ohio May 21, 2025), *report and recommendation adopted*, No. 1:24-CV-1928, 2025 WL 1756524 (N.D. Ohio June 25, 2025) ("An ALJ may discuss one adequately but not the other, thus requiring remand.").

An ALJ must "provide a coherent explanation of [her] reasoning." *Lester v. Saul*, No. 5:20-CV-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted sub nom. Lester v. Comm'r of Soc. Sec.*, No. 5:20CV1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021), and "set forth a 'minimum level of articulation' to be provided in determinations and decisions, in order to 'provide sufficient rationale for a reviewing adjudicator or court.'" *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495 (ATB), 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (quoting 82 Fed. Reg. 5844-01, 5858 (January 18, 2017)) ; *Decorian P.R. v. Comm'r of Soc. Sec. Admin.*, 2024 WL 1155941, at *5 (S.D. Ohio Mar. 18, 2024) (internal citation omitted). An "ALJ's failure to meet these minimum levels of articulation frustrates [the] court's ability to determine whether [the plaintiff's] disability determination was supported by substantial evidence." *Warren I.*, 2021 WL 860506, at *8. The ALJ bears the burden of "show[ing] his or her

work"; in other words, the ALJ must "explain in detail *how the factors actually were applied* in each case, to each medical source." *Kenneth M.*, 2025 WL 1948987, at *12 (citing *Hardy v. Comm'r of Soc. Sec.*, 554 F.Supp. 3d 900, at *6 (E.D. Mich. 2021)); *Dayna S. v. Comm'r of Soc. Sec.*, 3:21-CV-00326, 2023 WL 1009135, at *5 (S.D. Ohio Feb. 15, 2023) (Gentry, M.J.) (internal citations omitted).

Plaintiff argues that ALJ Appleton failed to evaluate the prior administrative medical findings for supportability and consistency. (Doc. #8, *PageID* #1017). The Commissioner contends that the ALJ cited to the proper regulations, found the prior administrative medical findings "persuasive" using terminology from the regulations, and contemplated the supportability and consistency of the prior administrative medical findings. (Doc. #11, *PageID* #1038). Specifically, the Commissioner argues that the ALJ considered supportability by finding concentrated exposure to vibrations and hazards were not persuasive and considered consistency by "limit[ing] Plaintiff to occasional exposure to vibrations and no exposure to hazards, which [is] more appropriate and supported by the record…." *Id.*

In formulating the physical limitations in Plaintiff's RFC, ALJ Appleton considered the medical opinion evidence of state agency consultants Rohini Mendonca, M.D., and Murari Bijpuria, M.D. (Doc. #7-2, *PageID* #39). Dr. Mendonca initially reviewed Plaintiff's claim on January 9, 2023. (Doc. #7-3, *PageID* #s 128–37). Dr. Mendonca concluded that Plaintiff could lift and/or carry 20 pounds occasionally and 10 pounds frequently; could stand and/ or walk about 6 hours in an 8-hour workday; could sit about 6 hours in and 8-hour workday; could never climb ladders, ropes, or scaffolds; could occasionally stoop, kneel, crouch, crawl, and climb ramps and

stairs; could frequently balance; and should avoid concentrated exposure to vibration and hazards. *Id.* at 133–35. Dr. Bijpuria, who reviewed Plaintiff's claim at the reconsideration level in May 2023, affirmed Dr. Mendonca's assessment. (Doc. #7-3, *PageID* #s 149-57).

As Plaintiff correctly observed, the ALJ erred in failing to address the supportability and consistency factors, as required by 20 C.F.R. § 404.1520c(b)(2), when evaluating the persuasiveness of the state agency consultants' opinions and prior administrative medical findings. *See* 20 C.F.R. § 404.1520c(b)(2) ("[W]e *will* explain how we considered the supportability and consistency factors for a medical source's medical opinions ... in your determination or decision.") (emphasis added). The ALJ must not only consider supportability and consistency but must also "explain how [she] considered them." *Dayna S. v. Comm'r of Soc. Sec.*, 3:21-CV-326, 2023 WL 2009135, at *5 (S.D. Ohio Feb. 15, 2023) (Gentry, M.J.) (citing to 20 C.F.R. § 404.1520c(b)(2)). Here, ALJ Appleton found the state agency consultants' prior administrative medical findings to be "persuasive, but for few exceptions." (Doc. #7-2, *PageID* #39). However, it is not clear from the ALJ's decision that she considered supportability or consistency with regard to the state agency consultants' opinions that she found persuasive, nor did the ALJ offer any explanation of how she considered these two most important factors.

The undersigned recognizes that it can be challenging to distinguish between supportability and consistency when contemplating state agency consultants' opinions. "Because they do not have their own treatment records, consultants must review and rely upon documents in the administrative record to support their opinions." *Deanna B. v. Comm'r of Soc. Sec.*, No. 1:22-cv-604, 2026 WL 1533700, at *11 (S.D. Ohio June 1, 2026) (Gentry, M.J.). Where a consultant's

report fails to identify documents or medical evidence that supports their opined limitations, the undersigned appreciates that the ALJ's ability to conduct and articulate her supportability and consistency analysis will be limited. *See Kenneth B. v. Comm'r of Soc. Sec.*, No. 3:22-CV-00672-CHL, 2024 WL 1199025, at *6–7 (W.D. Ky. Mar. 19, 2024) (citing *Tyrone H. v. Comm'r of Soc. Sec.*, No. 2:22-cv-3652, 2023 WL 2623571, at *6 (S.D. Ohio Mar. 24, 2023) (Jolson, M.J.)). However, the consultants in this case offered a lengthy account of the evidence that they used to support their findings. (Doc. #7-3, *PageID* #s 128–37, 138–47, 149–58, 161–70). Specifically, Dr. Mendonca cites medical evidence from several appointments and tests performed at The Ohio State University Wexner Medical Center throughout 2021 and 2022 (*id.* at 129–30, 139–40), from appointments and evaluations at After the Storm Counseling (*id.* at 130, 140), and appointments with OSU Sports Medicine at Morehouse (*id.* at 130–31, 140–41). Dr. Mendonca also cites to Plaintiff's subjective complaints. *Id.* at 134–35, 144–45. Likewise, Dr. Bijpuria cited to Plaintiff's HIT MER from The Ohio State University Wexner Medical Center detailing appointments in December 2022 and February 2023. *Id.* at 150. Dr. Bijpuria further cites to various psychological documents, including an updated psychological MER from February 2023 (*id.* at 152), as well as test results and examinations from July 2021, January 2022, February 2022, August 2022, November 2022, December 2022, and February 2023. *Id.* at 154–55. Finally, Dr. Bijpuria includes subjective reports from Plaintiff regarding his low-back pain from October 2022. *Id.* at 155. Thus, the ALJ had ample information to engage with and articulate her findings on the supportability factor of the state agency consultants' opinions and failed to do so.

Regarding the element of consistency, the ALJ does not appear to make any effort to "show [her] work" when discussing the state agency consultants' opined limitations. (Doc. #7-2, *PageID* #39); *Scott K. v. Comm'r of Soc. Sec*., No. 3:21-CV-00129, 2022 WL 4484603, at *4 (S.D. Ohio Sept. 27, 2022). Instead, the ALJ lists the recommended limitations, finds the bulk of them "persuasive," and further explores the limitations she did not find persuasive. (Doc. #7-2, *PageID* #39). Therefore, the ALJ failed to explain how she considered consistency when engaging with the state agency consultants' opinions that she found persuasive.

To the extent that she attempted to consider supportability and consistency when discussing the limitations she found unpersuasive, the ALJ's findings also fall short. Here, the ALJ finds that the unpersuasive exceptions include the opined limitations to "concentrated exposure to vibration and hazards" because, the ALJ reasoned, these limitations are "undefined terms." (Doc. #7-2, *PageID* #39). The ALJ noted that limitations to "occasional[ ] exposure to vibrations and no exposure to hazards" appropriately address the opined limitations and are supported by the record. *Id.* While the ALJ discusses supportability, she is contemplating her amended limitations, not the opined limitations from the state agency consultants, which she is called to do. *Deanna B.*, 2026 WL 1533700, at *11 ("[A]n ALJ's supportability analysis addresses whether a medical professional has sufficient justification for *their own* conclusions.") (emphasis added); *See Crystal E.J. v. Comm'r of Soc. Sec*., No. 2:21-CV-04861, 2022 WL 2680069 (S.D. Ohio July 12, 2022) (Preston Deavers, M.J.). Further, the ALJ found that the public interaction restriction is not persuasive because Plaintiff specifically "denied problems in that area at the hearing, and the medical evidence of record does not support that limitation." *Id.* However, "comparing the

consultants' opinions to the record as a whole or to subsequent records is a consistency analysis, and does not satisfy evaluating the supportability of the opinions." *See Deanna B.*, 2024 WL 445391, at *4; *Thomas A. v. Comm'r of Soc. Sec.*, No. 2:24-cv-4200, 2025 WL 3470081, at *4 (S.D. Ohio Dec. 3, 2025). While she expressly uses the term "support," the ALJ, in this instance, contemplates consistency. *Id.*; *Deanna B.*, 2024 WL 445391, at *4. As a result, the ALJ failed to explain how she considered the manner in which the state agency consultants supported their opined limitations.

"[E]ven if the ALJ provided a sufficient consistency analysis, this does not excuse error in assessing supportability." *James H. v. Comm'r of Soc. Sec.*, 2026 WL 2261371, at *11–12 (S.D. Ohio Aug. 6, 2026) (Bowman, M.J.) (citing *Amy B. v. Comm'r of Soc. Sec.*, No. 1:22-cv-486, 2023 WL 2445306, at *4 (S.D. Ohio Mar. 10, 2023) ("Consistency and supportability are separate inquiries, and simply discussing whether an opinion is consistent with the record does not satisfy the requirement that an ALJ also evaluate, and articulate, how well it is supported by the medical evidence and other evidence.") (other citations omitted). Here, while the ALJ's efforts to compare the unpersuasive limitations to the record indicate that she considered consistency, ALJ Appleton failed to explain how she considered supportability with regards to their opinions.

Therefore, as the ALJ failed to "build an accurate and logical bridge between the evidence and the result," *Fleischer*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011), Plaintiff's argument is well taken. [3]

---

[3] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545–47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747–50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725–26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming, and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to a remand to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be

directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his applications for Disability Insurance Benefits and Supplemental Security Income should be granted.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Statement of Errors (Doc. #8) is **GRANTED;**

2. The Commissioner's non-disability finding is vacated;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

3. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

4. The case is terminated on the Court's docket.

September 29, 2026

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge